# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

May 12, 2006

The Honorable Mike Krusee
Chair, Committee on Transportation
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0428

Re: Whether an individual employed as a part-time instructor at a community college may be compensated for simultaneous service as a member of the board of directors of a municipal utility district (RQ-0409-GA)

Dear Representative Krusee:

You ask whether an individual employed as a part-time instructor at a community college may be compensated for simultaneous service as a member of the board of directors of a municipal utility district.[1]

A letter accompanying your request indicates that the person in question is a part-time instructor at Austin Community College.[2] On January 18, 2005, he was appointed as a member of the governing board of The Meadows at Chandler Creek Municipal Utility District (the "district"). He has served since that time without compensation. *See* MUD Letter, *supra* note 2, at 1.

Municipal utility districts are created under article XVI, section 59 of the Texas Constitution and under chapter 54 of the Water Code. *See* TEX. WATER CODE ANN. § 54.011 (Vernon 2002) ("[a] municipal utility district may be created under and subject to the authority, conditions, and restrictions of Article XVI, Section 59, of the Texas Constitution"); *id.* §§ 54.014–.037 (Vernon 2002 & Supp. 2005) (creation or conversion of a municipal utility district). Chapter 54 is part of title 4 of the Water Code, entitled "General Law Districts." Chapter 49, which applies to all General Law Districts, provides that a director of a district "is entitled to receive fees of office of not more than $150 a day for each day the director actually spends performing the duties of a director." *Id.* § 49.060(a) (Vernon Supp. 2005).

---

[1]Letter from Honorable Mike Krusee, Chair, House Committee on Transportation, to Honorable Greg Abbott, Attorney General of Texas (Oct. 31, 2005) (on file with the Opinion Committee, *also available at* www.oag.state.tx.us) [hereinafter Request Letter].

[2]Letter from Nancy Beleckis, President, The Meadows at Chandler Creek Municipal Utility District, to Honorable Mike Krusee (Oct. 26, 2005) (submitted as part of Request Letter, on file with the Opinion Committee, *also available at* www.oag.state.tx.us) [hereinafter MUD Letter].

Article XVI, section 40(a) of the Texas Constitution prohibits an individual from holding "at the same time, more than one civil office of emolument." TEX. CONST. art. XVI, § 40(a). A proviso to subsection (a) applies to state *employees* as well as *officers*. Subsection (b) of article XVI, section 40 declares that

> State employees or other individuals who receive all or part of their compensation either directly or indirectly from funds of the State of Texas and who are not State officers, shall not be barred from serving as members of the governing bodies of school districts, cities, towns, or other local governmental districts. Such State employees or other individuals may not receive a salary for serving as members of such governing bodies, except that:
>
> . . . .
>
> (2) a faculty member or retired faculty member of a public institution of higher education may receive compensation for serving as a member of a governing body of a water district created under Section 59 of this article or under Section 52, Article III, of this constitution.

*Id.* art. XVI, § 40(b)(2). The question before us is whether a part-time instructor at Austin Community College is a "faculty member . . . of a public institution of higher education." *Id.* If so, then he or she may receive the fees of office to which an individual is entitled by section 49.060(a) of the Water Code for performing the duties of a director. *See* TEX. WATER CODE ANN. § 49.060(a) (Vernon Supp. 2005).

Austin Community College is part of the Austin Community College District, as described by section 130.166 of the Education Code. *See* TEX. EDUC. CODE ANN. § 130.166 (Vernon Supp. 2005). The Texas Higher Education Coordinating Board (the "coordinating board") is required to "exercise general control of the public junior colleges of Texas." *Id.* § 130.001(a) (Vernon 2002). Chapter 61 of the Education Code, which establishes and describes the duties of the coordinating board, defines "institution of higher education" as "any public technical institute, public junior college, public senior college or university, medical or dental unit, or other agency of higher education as defined in this section." *Id.* § 61.003(8) (Vernon Supp. 2005). Thus it is undisputed that Austin Community College is a "public institution of higher education" for purposes of article XVI, section 40(b) of the Texas Constitution. TEX. CONST. art. XVI, § 40(b). The remaining question is whether a part-time instructor is a "faculty member" for purposes of article XVI, section 40(b). *Id.*

You note that section 51.101 of the Education Code defines "faculty member" as "a person who is employed by an institution of higher education *on a full-time basis* as a member of the faculty or staff and whose duties include teaching, research, administration, including professional librarians, or the performance of professional services." TEX. EDUC. CODE ANN. § 51.101(3)

(Vernon 1996) (emphasis added); MUD Letter, *supra* note 2, at 2. This definition is, however, restricted to subchapter C of chapter 51, which governs "Faculty Development Leaves of Absence." TEX. EDUC. CODE ANN. ch. 51, subch. C (Vernon 1996 & Supp. 2005). Section 51.101, the definitional portion of the subchapter, is prefaced by the phrase "in this subchapter." *Id.* § 51.101 (Vernon 1996). Thus this "full-time basis" limitation on the definition of "faculty member" applies only to subchapter C of chapter 51. *Id.* ch. 51, subch. C (Vernon 1996 & Supp. 2005).

We have found nothing in the history of the adoption of this provision in 2003 to indicate that the legislature that proposed it, or the voters who ratified it, intended to exclude part-time instructors from the meaning of "faculty member." It is also apparent that a part-time instructor at a community college is a "faculty member . . . of a public institution of higher education" for purposes of article XVI, section 40(b) of the Texas Constitution. TEX. CONST. art. XVI, § 40(b)(2).

We conclude that an individual employed as a part-time instructor at a community college may be compensated for simultaneous service as a member of the board of directors of a municipal utility district.

# S U M M A R Y

An individual employed as a part-time instructor at a community college may be compensated for simultaneous service as a member of the board of directors of a municipal utility district.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee